## STATE COURT OF APPEALS—Continued

Anderson, Lamb & Jenkins for Moore; all of Youngstown.

### No. 518
### CHARLES v. ALLARD et
Ohio Appeals, 7th Dist., Mahoning Co.
Decided March 25, 1925.

**511. GENERAL ASSEMBLY. 1. Laws passed by, not to take effect until 90 days after having been filed with Governor, and Secretary of State, except when passed for levies or in case of emergency, etc.**

**2. Party depending on laws before such expiration of referendum period is relegated to terms under contract involved, and rights under common law.**

FARR, J.

Edward Charles had recovered a default judgment against Lenoard Allard, in the Mahoning Common Pleas for injuries sustained by reason of being struck by Allard's automobile. There was no recovery on said judgment, whereupon Charles brought an action in the Common Pleas against Allard, Travelers Insurance Co. and Travelers Indemnity Co. Allard had been insured by the former against loss by reason of injury to persons in the use of his automobile; and by the latter against property loss. The Indemnity Co. was dismissed, and a motion to direct a verdict in Allard's favor was sustained.

Error was prosecuted, and it was contended that the action was brought under 9510-3 and 9510-4 GC. said statutes being filed with the Governor and Secretary of State May 17, 1919| The referendum period therefore of ninety days would expire on Aug. 16, 1919. Allard's policy of insurance was issued July 14, 1919; and it is contended that the two sections apply in the instant case. Sec. 9510-3 GC. in substance provides that when loss occurs on company's liability is absolute, and payment account of casualty covered by insurance, the of loss shall not depend upon satisfaction by the assured of a final judgment against him.

Therefore, it was urged by Charles that liability under the policy became absolute. Allard contended that the two sections did not become operative and would not until Aug. 16, 1919, when the referendum period had expired; and that therefore recovery must be under the policy and the common law. The Court of Appeals held:

1. Article 2, Section 1-C of the constitution provides that no law passed by General Assembly shall take effect until 90 days—exception relating to tax levies, emergencies, etc. Therefore the referendum period would be required to run before the above sections became effective. State v. Lathrop, 93 OS. 79.

2. Under the terms of the contract, some loss should have been alleged and proven.

3. Charles was not a party to the contract between Allard and the Insurance Company, and there was therefore no privity of contract as to him.

4. Trial court was right in sustaining a motion for a directed verdict. Judgment affirmed.

Attorneys—Metcalfe & Cannon, for Charles; Kennedy, Manchester, Conroy & Ford, for Allard, et.; all of Youngstown.

### No. 519
### STICKLER et v. BEHRINGER, Exr.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2573. Decided March 16, 1925

**480. EVIDENCE—In former case showing weakened mentality of testatrix, does not prove mental incapacity in regards to a will, executed nine years prior to the case in question.**

HAMILTON, J.

This original action was brought by Martha Stickler to contest the validity of the will of Helena Stickler, deceased. Stickler introduced the same evidence as was introduced in a former case in which the court set aside a deed executed to Lena Behringer, the executrix under the will, because of undue influence practised on Helena Stickler who was mentally weak and subject to undue influence. In the Common Pleas the jury returned a verdict sustaining the will. Error was prosecuted and Martha Stickler claimed the verdict and judgment was against the weight of the evidence. Behringer contended that a certain exhibit and a deposition offered and admitted in the evidence, was not attached to the bill of exceptions.

Stickler contended that the bill of exceptions was certified by the trial court and the exhibit had been detached for preservation. Leave was asked to attach said exhibit and original deposition. The Court of Appeals held:

1. Leave to attach exhibit to bill of exceptions, will be granted.

2. Verdict necessarily based upon credibility of witnesses being one for the jury.

3. The question of the same evidence introduced in the instant case as was introduced in the undue influence case does not mean that the testatrix was of weakened mentality when the will was executed, which was nine years prior to the execution of the deed.

Judgment affirmed.

Attorneys—Allen C. Roudebush for Stickler; John C. Healy and R. A. Powell for Behringer; all of Cincinnati.